**F.J. O'HARA & SONS, INC.**

v.

**UNITED STATES of America.**

**Civ. A. No. 80–2686–Z.**

United States District Court,
D. Massachusetts.

Feb. 1, 1983.

James F. Linnehan, Blake J. Godbout, Coyne, Hodapp & Linnehan, Boston, Mass., for plaintiff.

Gerald C. Miller, Trial Atty., Tax Div., Dept. of Justice, Washington, D.C., Ralph Child, Asst. U.S. Atty., Boston, Mass., for defendant.

## MEMORANDUM OF DECISION

ZOBEL, District Judge.

Plaintiff, the operator of two fishing boats, seeks the refund of payments made

pursuant to the Withholding and Federal Insurance Contributions Act ("WH–FICA") and the Federal Unemployment Tax Act ("FUTA") for the years 1973–1976. The grounds for plaintiff's claimed refunds are the Tax Reform Act of 1976 and one of its implementing regulations. On July 30, 1982, the Court denied defendant's motion for judgment on the pleadings but allowed, on statute of limitations grounds, a motion for partial summary judgment as to all payments made for the year 1973 except $2,534.31. Defendant has moved for reconsideration.

■ Since 1971, plaintiff has operated two fishing boats, the crews of which number less than ten.[1] In 1973, plaintiff's accountant maintained to the Internal Revenue Service that the crews on its boats were independent contractors and that plaintiff was therefore exempt from payment of withholding taxes. Later, plaintiff was informed by the Internal Revenue Service ("IRS") that failure to file forms 940 ("FUTA") and 941 ("WH–FICA") would result in the assessment of penalties. Plaintiff thereupon began to file these forms and to pay withholding taxes accordingly.

The Tax Reform Act of 1976 ("the Act") amended the Internal Revenue Code by providing that certain services of fishing crews would not be considered as employment or wage earning for the purposes of Chapters 21 ("Federal Insurance Contributions Act") and 24 ("Collection of Income Tax at Source on Wages") of the Code. Specifically, the Amendment provided that withholding provisions of the Code would not apply where an individual performing services on a boat crewed by less than ten people did not receive any cash remuneration other than that equivalent to a fixed share of the boat's catch. Sec. 1207(f)(4) of the Act made this amendment retroactive and applicable to taxable years after 1971.

■ Neither the Act nor its legislative history provides any basis upon which a claim for a refund can be based. The purpose of the retroactive provisions was not to give boat operators a windfall but to forestall bankruptcies which might result from vigorous enforcement of unpaid assessments. Joint Committee, 94th Cong.2d Session, General Explanation of the Tax Reform Act of 1976, 1976–3 Cumulative Bulletin (Vol. 2) at 393. The Joint Committee stated in its explanation of the Act:

The classification of self-employed individuals for crewmen who meet the criteria provided by the Act is to be effective as to services performed after December 31, 1971. However, this retroactive date is not to result in requiring crewmen who have been treated as ordinary employees to pay the higher rate of social security tax required of self-employed individuals, nor are refunds of the employer's share of social security taxes to be made to boat operators in such cases. As a result, this provision will be principally effective in barring future deficiency assessments for past years which are still open under the statute of limitations. Treatment of a crewman as a regular employee (or, to be precise, treatment of his compensation as a regular employee's compensation) is to include either payment of the employment taxes, or some part of them, or withholding taxes from the crewman.... In addition, it is to be immaterial whether treatment of the crewman as a regular employee was caused or influenced by litigation or administrative procedure.

*Id.* at 394

■ Plaintiff relies not so much upon the Act itself as upon the regulation implementing it. Treas.Reg. 31.3121(b)(20)–1(b) provides:

(b) Special rule. Services performed after December 31, 1954, and before October 4, 1976, on a boat by an individual engaged in catching fish are not excepted from employment for any voyage (for

---

[1]. For purposes of this motion, the facts as stated in plaintiff's complaint and Memorandum in Opposition to Defendant's Motion for Judgment on the Pleadings are assumed to be true. *Iowa Beef Processors, Inc. v. Amalgamated Meat Cutters,* 627 F.2d 853 (8th Cir. 1980).

purposes of section 3121(b) and the corresponding regulations), even though the individual satisfies the requirements of subdivision (i) through (iv) of paragraph (a)(1) of this section, if the owner or operator of the boat engaged in catching fish treated the individual as an employee. For purposes of this subparagraph, the individual was treated as an employee if—

> (1) Form 941 was voluntarily filed by the boat operator or owner, regardless of whether the tax imposed by chapter 21 was withheld. For purposes of this subdivision, the filing of Form 941 is not voluntary if the filing was the result of action taken by the Service pursuant to section 6651(a) (relating to addition to the tax for failure to file tax return or to pay tax);

> (2) The boat owner or operator withheld from the individual's share the tax imposed by chapter 21, regardless of whether the tax was paid over to the Service; or

> (3) The boat owner or operator made full or partial payment of the tax imposed by chapter 21, unless the payment was made pursuant to section 7422(a) (relating to no civil actions for refund prior to filing claim for refund)....

Plaintiff argues that because its filing of Forms 940 and 941 was coerced by an IRS threat to assess penalties, these actions were not voluntary and that therefore plaintiff is entitled to refunds since it did not treat the crews on its boats as employees.

Plaintiff's argument fails for several reasons. First, Treas.Reg. 31.3121(b)(20)–1(b) is disjunctive, so that a taxpayer is deemed to have been treated as an employee if any of the three clauses apply. Plaintiffs do not contest that they made at least partial payment of withholding taxes, indeed they could not claim any refunds if they did not. For the purposes of the third conditional clause, therefore, plaintiff appears to have treated its crews as employees.[2] Second, the first clause, on which plaintiff relies, applies only to the filing of Form 941, which is but one of the two forms plaintiff filed. Moreover, the regulation states that the filing of Form 941 is not voluntary "if the filing was the result of action taken by the Service pursuant to Section 6651(a)." Plaintiff does not allege that the IRS took any action pursuant to this section. According to plaintiff's brief, the IRS merely told plaintiff that enforcement action would be taken if Forms 940 and 941 were not filed; no addition pursuant to Section 6651(a) was ever made to the tax. Plaintiff's view of Treas.Reg. 31.3121(b)(20)–1(b) would make all filings of Forms 940 and 941 by boat operators involuntary. More important, such an interpretation is plainly at odds with the purpose and scope of the 1976 Tax Reform Act's relevant amendments, as they were viewed by the Joint Committee.

Since on the facts as interpreted in the light most favorable to plaintiff, defendant is entitled to judgment, the motion of the United States for judgment on the pleadings is allowed.

---

**2.** The reference to Section 7422(a) in § 31.-3121(b)(20)–1(b)(3) is puzzling because that section does not provide for any payment of taxes and thus no payment can be made pursuant thereto, but the ambiguity does not assist plaintiff.